UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT DOUGLAS,

  Plaintiff,

CASE NO.:

-VS-

ALLY FINANCIAL INC.,

  Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like ALLY FINANCIAL INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our

1

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.  According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

6.  Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331.

7.  The alleged violations described herein occurred in Mableton, Cobb County, Georgia. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Mabelton, Cobb County, Georgia.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a corporation which was formed in Delaware and doing business in the State of Georgia through its Registered Agent, CT Corporation, 1201 Peach St., NE, Fulton, Atlanta, GA 30361.

11. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (770) 480-8781, and was the called party and recipient of Defendant's hereafter described calls.

12. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

13. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

14. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the

capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

15. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

17. In or about March of 2015, Defendant initiated its campaign of automated phone calls to the Plaintiff on his aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone numbers: (888) 611-6904, (888) 925-2559.

18. In or about March of 2015, Plaintiff answered a call from Defendant, received Defendant's pre-recorded message stating that the call was from Ally Financial, to please return a call to a specified number, returned Defendant's call and was connected to a live representative. At that time, Plaintiff informed an agent/representative of the Defendant that he has told them he will get caught up on payments as soon as he can, that he has informed them of this situation in the

past, that their calling his phone five to six times a day is not necessary, and to cease placing calls to his aforementioned cellular telephone number.

19. During the aforementioned March of 2015, phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have believed it had to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

20. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

21. Again, in or about April of 2015, due to the continued calls to his aforementioned cellular telephone number by Defendant, Plaintiff again answered a call from Defendant, Plaintiff answered a call from Defendant, received Defendant's pre-recorded message stating that the call was from Ally Financial, to please return a call to a specified number, returned Defendant's call and was connected to a live representative. At that time, Plaintiff informed an agent/representative of the Defendant that he had previously asked them to stop calling, that he is making his payments when he can, that there is no point in

continuing to make automated calls to his cell phone, and again demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

22. Finally, in or about May of 2015, due to the ceaseless barrage of calls to his aforementioned cellular telephone number by Defendant, Plaintiff answered a call from Defendant, Plaintiff answered a call from Defendant, received Defendant's pre-recorded message stating that the call was from Ally Financial, to please return a call to a specified number, returned Defendant's call and was connected to a live representative. At that time, Plaintiff informed an agent/representative of the Defendant that he was currently in church, asked why they are calling him on a Sunday, that he has asked them multiple times to stop calling him and leaving recordings on his phone, and again demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

23. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

24. From about March of 2015 through the filing of this Complaint, Defendant has made approximately four calls a day, or about one-thousand one-hundred (1,100) calls to Plaintiff's aforementioned cellular telephone number, or as will be established after a thorough review of Defendant's records. [Please see

attached **Exhibit A,** demonstrating a non-exclusive call log of nineteen (19) phone calls in an eight day period, from October 20, 2015 to October 28, 2015.]

25. On more than one-hundred (100) occasions, Plaintiff received an automated telephone call to his aforementioned cellular telephone from Defendant, which left a pre-recorded or artificial voice message on his voicemail.

26. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express permission to call his aforementioned cellular telephone number.

27. Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice upon Defendant's placement of the calls.

28. Defendant continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite acknowledging they did not have his express permission to do so.

29. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

30. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

31. Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

32. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued in Federal Court over one-hundred (100) times in the last 3 years.

33. In the last 3 years, the Defendant has had 1,305 complaints reported to the Better Business Bureau (BBB)[1].

34. Defendant violated the TCPA with respect to the Plaintiff.

35. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

36. Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

37. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or

---

[1] Retrieved from http://www.bbb.org/detroit/business-reviews/consumer-finance-and-loan-companies/ally-financial-inc-in-southfield-mi-5001937/ on February 23, 2016.

prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

38. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiffs respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

        Respectfully submitted,

    *s/ Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Georgia Bar #617963
Attorney for Plaintiff
TGomez@ForThePeople.com